[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has refused him proper and adequate medical treatment. He testified that he was incarcerated by a mittimus issued October 29, 1997 and housed at McDougall Correctional Institute. Although he has had an irregular heart beat for years, during the past year he has been passing out preceded by severe head aches. He has been attended to by Dr. Timothy Silvers who had ordered an echocardiogram and was awaiting approval of the Medical Board for a stress test and a self monitoring device. Although the petitioner had asked that Dr. Silvers request a head CAT scan, Dr. Silvers was not convinced one was needed. The petitioner claims that although the episodes of severe head aches and passing out have become more frequent over the past year, there appears to be no urgency in the medical staff to diagnose his physical problems. He is requesting the court to order such tests.
Dr. Edward Blanchette, medical director for the Department of Correction, testified that a review of the petitioner's medical history and treatment dates back to 1993 while incarcerated and that despite the petitioner's denial these same complaints were made then resulting in a series of tests at St. Francis Hospital in 1994 including an echocardiogram, stress test and a head CAT scan. He was discharged with a psychiatric condition, not a cardiac one. The records evidence a pattern by the petitioner of a failure to eat properly resulting in hypoglycemic episodes. The latter part of March, 1996, after being released from incarceration he went for emergency services at the Veterans Memorial Medical Center in Meriden on a complaint of chest pains and weakness. He was evaluated after various tests were performed with no objective findings of a cardiac condition. After his CT Page 15499 readmission to the Department of Corrections on a mittimus issued October 29, 1997 the petitioner has established the same pattern. Because of his improper eating habits he has had several hypoglycemic episodes which result from low sugar causing headaches, an irregular heartbeat and loss of consciousness. Dr. Blanchette was of the opinion that he needs a psychiatric evaluation which he has refused.
He testified that Dr. Silvers requested an echocardiogram but has found nothing objective and he has no intention to give a stress test or monitor. The petitioner has been seen by Dr. Bianchi at Carl Robinson Reception Center on December 9 and 10, 1998 and has found no abnormalities to the heart.
The petitioner returned in rebuttal to deny that he ever was a patient at Veterans Memorial Hospital and denies any need for a mental health evaluation. He has no anxiety which the medical staff find when they fail to find the causes of his cardiac condition. He admits that he is turned off by the food available to him.
Dr. Blanchette in surrebuttal testified that the petitioner himself was the one who referred to his tests at the Veterans Memorial Hospital and that was the reason for sending for his medical records from the hospital which were then introduced as an exhibit (Respondent's Exhibit A). The exhibit corroborates Dr. Blanchette's observation that tests done produced no objective findings of a cardiac condition.
The court finds that the petitioner has received adequate medical treatment and he, himself, has caused his continuing problems by refusing to follow medical advice. He is not free to prescribe a treatment for himself when the prescribed treatment available is in accordance with applicable medical standards.McCloud v. Delaney, 677 F. Sup. 230, 232 (S.D.N.Y. 1988).
For the above reasons the petition is denied.
Corrigan, JTR